IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILFORD G. STAY,<br><br>Plaintiff,<br><br>vs.<br><br>DINESH PATEL, an individual, and KLAMATH MOTOR LODGE, a California Limited Liability Company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:17-CV-1221<br><br>Judge Dee Benson |

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 5.) On January 20, 2018, Plaintiff filed a timely memorandum in opposition to Defendants' motion. (Dkt. No. 9.) On March 3, 2018, Defendants informed the Court that they would not be submitting a reply and requested that the matter be submitted for decision. (Dkt. No. 11.) Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

1

## BACKGROUND

Plaintiff is a resident of Utah. Defendant Dinesh Patel is the owner of Defendant Klamath Motor Lodge, a California sole proprietorship, located in Eureka, California. On June 27, 2016, Plaintiff was staying at the Defendant Motor Lodge. Upon entering the shower, Plaintiff slipped and fell, striking his elbow, arm and buttocks. (Dkt. No. 2, Compl. at 1-2.) On November 22, 2017, Plaintiff filed the present action against Defendants alleging negligence under theories of both premises liability and innkeeper liability, for injuries sustained as a result of the fall.

In the motion now before the Court, Defendants move for dismissal of the action on the basis that the Court lacks personal jurisdiction over the Defendants. Defendants' motion was accompanied by a declaration of Dinesh Patel explaining that Defendants' services are not provided in Utah, nor do Defendants have any other Utah contacts. (Dkt. No. 5-1, Patel Decla. at 2.) Plaintiff's Complaint alleges only that the lawsuit is properly brought in Utah "because a substantial part of the property that is the subject of [the] Complaint is situated in the State of Utah." (Dkt. No. 2, Compl., ¶5.) Plaintiff's opposition to the motion, accompanied by the Declaration of Plaintiff Stay, additionally asserts that jurisdiction is proper because Plaintiff booked his lodging at the Defendant Travel Lodge via the internet, using the website Trivago, from his home in Utah. (Dkt. No. 9, Pl.'s Opp'n at 3.)

## DISCUSSION

When a defendant challenges a court's jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction over the defendant is

proper. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)). Utah's long arm statute applies "to the fullest extent permitted by the due process clause of the Fourteenth Amendment." Utah Code Ann. § 73B-3-201(3). Therefore, it is most practical to "undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003).

A due process analysis of personal jurisdiction is a two-step inquiry. First, this Court must consider whether the defendant has sufficient "minimum contacts" with the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, "if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

"Minimum contacts" may be met by a finding of either specific jurisdiction or general jurisdiction. First, a court may assert specific jurisdiction over a nonresident defendant where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or are related to those activities." *Burger*

*King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Where no nexus exists between the forum-related activity and the injury sustained, the court may nevertheless exercise general jurisdiction over the defendant when the defendant's contacts are "so pervasive that personal jurisdiction is conferred by the 'continuous and systematic' nature of the defendant's in-state activities." *OMI Holdings*, 149 F.3d at 1090-91.

Plaintiff does not appear to assert that the Court may exercise general jurisdiction over the Defendants in this case, and the record is void of any continuous and systematic ties between the Defendants and Utah that would support general jurisdiction. Thus, the Court must determine whether there are sufficient contacts to support specific jurisdiction. "In the tort context, we often ask whether the nonresident defendant 'purposefully directed' its activities at the forum state." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). "[P]urposeful direction exists when there is 'an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state.'" *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016) (quoting *Dudnikov*, 514 F.3d at 1072).

Importantly, "the minimum-contacts analysis looks to the defendant's contacts with the forum state itself, not defendant's contacts with the residents of that state." *TFG-Michigan, L.P. v. Boersen Farms Grain*, Slip Copy, 2017 WL 2985746, *2 (D. Utah July 12, 2017) (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for jurisdiction over him." *Walden*, 134 S. Ct. at

1125.  Accordingly, the "mere injury to a forum resident is not a sufficient connection to the form." *Id.*  "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*  "[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126.

As set forth above, the sole allegation in Plaintiff's Complaint supporting jurisdiction in Utah is Plaintiff's assertion that "a substantial part of the property that is the subject of this complaint" is in Utah. (Complaint, ¶5.)  It is not entirely clear what Plaintiff means by this allegation.  It is undisputed that the location of the travel lodge where Plaintiff sustained his injuries is in Eureka, California.  The only other "property" at issue are the injuries to Plaintiff (and the effects of those injuries), which are located in Utah because Plaintiff resides in Utah.  However, as stated previously, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 134 S. Ct. at 1125.

Additionally, the allegation in Plaintiff's declaration that he booked the Defendant Lodge from his residence in Utah using Trivago – a third-party internet hotel search, booking and price-comparison website – does not establish the necessary contacts between Defendants and Utah.  The Defendants have never had any business operations in Utah, and do not have any agents that operate out of or travel to Utah on their behalf.  (Dkt. No. 5-1, Patel Decla. at 2.)  Beyond the Defendant Travel Lodge's appearance on the Trivago website, there has been no evidence to suggest that Defendants directly advertise or solicit business in Utah.  The nature of Defendants business is not targeted to Utah residents.  Rather, the Defendants' business may be discovered

by those who choose to seek out the website. *See, e.g.*, *Bell v. Imperial Palace Hotel & Casino*, 200 F. Supp. 2d 1082, 1085 (E.D. Mo. 2001) (concluding that "maintenance of an internet website that allows visitors to the site to make hotel room reservations" does not constitute sufficient contacts with Missouri to subject the defendant to personal jurisdiction in Missouri for an alleged tort that occurred in Nevada ). Simply put, Plaintiff has failed to show that Defendants "purposefully directed" any activities at the forum state.

## **CONCLUSION**

For the forgoing reasons, the Court concludes that Plaintiff has failed to show sufficient minimum contacts to support specific jurisdiction over Defendants. As a result, the Court need not consider whether exercising jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. It is therefore ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

DATED this 12th day of March, 2018.

_____
Dee Benson
United States District Judge